IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CATHERINE WEISER-GONZALEZ, )
                                              )
             Plaintiff               )             Civil No. 07-195-KI
                                              )
      v.                                   )             OPINION AND ORDER
                                              )
MICHAEL J. ASTRUE                  )
                                              )
             Defendant            )
                                              )

TIM WILBORN
Wilborn & Associates
2020-C S.W. 8th Avenue
West Linn, OR 97068-4612
      Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

STEPHANIE R. MARTZ
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

      Attorneys for Defendant

KING, District Judge:

Plaintiff Catherine Weiser-Gonzalez ("Weiser-Gonzalez") seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is affirmed.

## BACKGROUND

Born in1954, Weiser-Gonzalez completed one year of post-secondary education. Tr. 64, 75.[1] Between 1984 and 2004 Weiser-Gonzalez worked as a home school liaison officer. Tr. 70.

Weiser-Gonzalez alleges disability since January 9, 2004, due to fatigue and weakness stemming from concussion, as well as "hearing problems, vertigo, sleep prob[lem]s, stress, depression, bladder problems, tumor in brain, back, [and] neck problems." Tr. 69. A hearing was held before an Administrative Law Judge (ALJ) on June 9, 2006. Tr. 254-84. On August 23, 2006, the ALJ issued a decision finding Weiser-Gonzalez not disabled. The Appeals Council accepted additional evidence into the record, but denied review of the ALJ's decision. Tr. 5-8. This made the ALJ's decision the final decision of the Commissioner. Weiser-Gonzales seeks review of this decision.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on April 9, 2007 (Docket #9).

in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Plaintiff challenges the ALJ's evaluation of the evidence and his conclusions at steps two and five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§404.1520(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e), Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform work her relevant past work at step four. If she can perform such work she is not disabled.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*,

3 - OPINION AND ORDER

180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that jobs exist in the national economy in the claimant's residual functional capacity. *Id.* If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g), 416.966, 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found that Weiser-Gonzalez had severe impairments at step two, including "meningioma (stable)," headaches, and "multiple-joint osteoarthritis." Tr.16. The ALJ found that these conditions did not meet or equal a listing at step three and subsequently found that Weiser-Gonzalez retained the RFC to perform light work, adding that she needs a "sit/stand option" and "can perform simple tasks but not complex tasks, assessed on the basis of her pain complaints." Tr. 17.

Relying upon a vocational expert's testimony, the ALJ found at step five that Weiser-Gonzalez could work as a hand stuffer, table worker, and office helper. Tr. 20. Accordingly, the ALJ determined that Weiser-Gonzalez was not disabled under the Act at any time through the date of his decision. Tr. 21.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's

conclusion. *Lingenfelter v. Astrue*, __ F.3d __ (2007 WL 2874403) at *3 (9th Cir. October 5, 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). In reviewing a credibility finding, the court must consider whether the Commissioner provided "clear and convincing reasons" for finding a claimant not credible. *Lingenfelter* at *6, *Reddick*, 157 F.3d at 722. Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d 747 750 (9th Cir. 1989); *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Weiser-Gonzalez contends the ALJ failed to accurately assess her RFC because the ALJ improperly discredited her testimony, improperly evaluated the medical record, and improperly evaluated a lay witness's testimony. Weiser-Gonzales also alleges numerous errors in the ALJ's reliance upon the vocational expert at step five and the Appeals Council's subsequent review of the ALJ's decision.

**I.   The ALJ's Step Two Findings**

Weiser-Gonzalez first argues that the ALJ's step two finding "failed to properly consider the limitations caused by Plaintiff's dizziness and mental impairment." Pl. Opening Br. 11.

At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c),

*see also* 20 C.F.R. §§ 404.1521, 416.921. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. §§ 404.1509, 416.909.

This court notes that the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). Because the ALJ proceeded beyond step three, any omission regarding a step two severity finding is inconsequential. *Lewis v. Astrue*, __ F.3d ___ (9th Cir. 2007) (2007 WL 2325018) at *2.

## II.   Credibility

The ALJ found "the claimant's self-reporting is not a reliable basis for determining her capacity and limitations." Tr. 19. He based his credibility finding upon the medical record, Weiser-Gonzalez's reported activities of daily living, and her inconsistent statements regarding physician-prescribed limitations. *Id.* Weiser-Gonzalez suggests the ALJ misconstrued the relevant evidence.

### a.   Credibility Analysis

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" and there is no evidence of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter* at *6 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284

(9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id*. Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

      b.      **Activities of Daily Living**

The ALJ discussed Weiser-Gonzalez's daily activities, first noting that she was physically certified to act as paid guardian to five children. Tr. 19. The ALJ also considered Weiser-Gonzalez's husband's report that she "takes care of the children, does household chores, including sewing and mowing with a riding lawnmower, attends Powwows, and goes dancing (Exhibit 3E)." *Id*.

Weiser-Gonzalez suggests that her daily activities are more limited than the ALJ inferred. Pl. Opening Br. 13. Weiser-Gonzalez stated that she "dozes off" while attending powwows and no longer dances due to soreness. Tr. 274. This does not establish that Weiser-Gonzalez was unable to attend powwows or perform the other activities her husband indicated. This court accepts Weiser-Gonzelez's testimony that she no longer dances. Tr. 274.

The Ninth Circuit notes, "Although the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [claimant], the ALJ's interpretation was rational, and "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (*citing Magallanes*, 881 F.2d at 750). Therefore this court affirms the ALJ's finding that Weiser-Gonzalez's activities of daily living, excepting dancing, contradict the limitations described in her testimony.

7 - OPINION AND ORDER

### c. Credibility and the Medical Record

The ALJ also found that "the claimant's alleged complaints exceed the objective medical evidence." Tr. 19. The ALJ may not base a credibility finding entirely upon the medical record, but the ALJ may cite the medical record in concert with other factors. *Robbins*, 466 F.3d at 883, *Smolen*, 80 F.3d at 1284. The ALJ presently did not find that the record showed "consensus" that Weiser-Gonzalez is able to work; such a finding, if erroneous, would dictate remand. *Lingenfelter* at *6. Here, the ALJ appropriately cited the medical record along with other factors to support his credibility finding.

The ALJ also noted that Weiser-Gonzalez testified that "two doctors told her to stop walking. This is not corroborated by the medical record." Tr. 19. The record supports the ALJ's finding. The ALJ may cite such inconsistencies. *Smolen*, 80 F.3d at 1284.

In summary, the ALJ's citation to the medical record is sustained in conjunction with his reference to Weiser-Gonzalez's daily activities, except as noted regarding her dancing. This court may uphold the ALJ's overall credibility decision while rejecting one element of that decision. *Batson*, 359 F.3d at 1197. The ALJ's credibility decision is affirmed.

## III. Lay Witness Testimony

Weiser-Gonzalez asserts that the ALJ "did not even mention" testimony submitted by her husband, Jose Gonzalez. Pl. Opening Br. 20. The ALJ discussed Jose Gonzalez's testimony, as noted above. Tr. 19. Weiser-Gonzalez's assertion that the ALJ ignored his testimony is not based upon the record and the silent omission standard articulated in *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006) does not apply.

Furthermore, the ALJ did not entirely reject Jose Gonzalez's testimony. Because he did not reject this testimony entirely, he was not required to give germane reasons explaining such rejection. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's discussion of Jose Gonzalez's testimony is based upon the record and is affirmed.

## IV. Residual Functional Capacity

Weiser-Gonzalez submits that the ALJ failed to explain his "sit/stand" limitation to the vocational expert and "left the entire concept of the of the 'sit/stand option' undefined and open to the VE's personal interpretation. This is reversible error." Pl. Opening Br. 17. Weiser-Gonzalez provides no citation for this assertion, other than reiterating SSR 96-8p regarding "function by function analysis" of work functions. *Id.*

SSR 96-8p states, "Each function must be considered separately (e.g., "the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours"), even if the final RFC assessment will combine activities (e.g., "walk/stand, lift/carry, push/pull.")." SSR 96-8p (*available at* 1996 WL 374184) at *5. Here the ALJ found that Weiser-Gonzalez could in fact perform light work, noting that light work includes the capacity for sedentary work. Tr. 17. Because light work encompasses sedentary work, the ALJ's additional citation to a sit/stand option was therefore inconsequential. 20 C.F.R. §§ 404.1567, 416.967. Furthermore, "The fact that an individual cannot do the sitting required to perform the full range of sedentary work does not necessarily mean that he or she cannot perform other work at a higher exertional level." SSR 96-9p (*available at* 1996 WL 4374185) at *6. For these reasons the ALJ's "sit/stand" option within his "light" RFC assessment is affirmed.

This court also notes that the ALJ's instruction to the vocational expert explained his "sit/stand" assessment, explicitly stating that a hypothetical individual would be "capable of light work," but "there could be limitations under this hypothetical and I would indicate for discomfort or pain she should have the opportunity to alternate between sitting and standing." Tr. 279. Weiser-Gonzalez's submission that the ALJ "left the entire concept . . . open to the VE's personal interpretation" is inconsistent with the record.

V.      **Medical-Vocational Guidelines**

Weiser-Gonzalez submits the ALJ erroneously applied the Commissioner's Medical-Vocational Guidelines. Pl. Opening Br. 16.

The ALJ may meet his burden at step five in the sequential analysis by relying upon the Medical-Vocational Guidelines ("Grids") or by soliciting the testimony of a vocational expert. 20 C.F.R. §§ 404.1520(f), 416.920(f), *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006), *see also Tackett*, 180 F.3d at 1098-99. Because the ALJ solicited vocational expert testimony, any omission of the grids is inconsequential. *Id.* Furthermore, the ALJ may not rely upon the grids when a non-exertional impairment arises, such as his present restriction to "simple, routine" tasks. *Lounsburry*, 468 F.3d at 1114, *Tackett*, 180 F.3d at 1098-99  For these reasons, Weiser-Gonzales's submission that the ALJ erroneously applied the Medical-Vocational Guidelines fails.

VI.     **Vocational Expert**

Drawing upon the testimony of a vocational expert ("VE"), the ALJ found Weiser-Gonzalez could perform work in the national economy at step five. Tr. 20. The ALJ's hypothetical questions to the VE included limitations supported by the medical evidence. Tr. 279. In making his findings

based upon the VE's testimony, the ALJ did not include additional limitations suggested by counsel. The VE stated that a hypothetical individual with Weiser-Gonzalez's supported RFC could perform work as hand stuffer, table worker, and office helper. Tr. 280. Weiser-Gonzalez challenges the ALJ's reliance upon the VE's testimony at step five in the sequential proceedings.

    a.    **Reliance Upon the *Dictionary of Occupational Titles***

Weiser-Gonzalez contends that the ALJ erroneously failed to ask the VE whether his testimony conflicted with *The Dictionary of Occupational Titles* ("*DOT*"). Pl. Opening Br. 15.

The ALJ specifically addressed the VE regarding the *DOT*: "[Ba]sed on the *Dictionary of Occupational Titles* definitions you're saying she could do [work as a social service aid], is that your answer?" Tr. 279. The VE answered this question affirmatively and subsequently indicated *DOT* classification numbers for all jobs the VE described in her testimony. Tr. 279-80. This court finds such identification indicative of sufficient compatibility with *DOT* standards. *See Massachi v. Astrue*, 486 F.3d 1153-54 (9th Cir. 2007).

    b.    **Deviation From DOT Reasoning Requirements**

Weiser-Gonzalez also submits that the ALJ erroneously omitted consideration of *DOT* vocational components. She specifically alleges that the ALJ incorrectly considered "general educational development" ("GED") reasoning requirements. Pl. Opening Br. 13-14.

The ALJ instructed the VE to consider limitations including "simple, routine tasks." Tr. 280. As noted, the VE cited three *DOT* job specifications: hand stuffer, table worker, and office helper. Tr. 280. She indicated that these jobs are compatible with "simple tasks."

GED level two reasoning specifies an ability to "apply commonsense understanding to carry

out detailed but uninvolved written or oral instructions" as well as an ability to "deal with problems involving a few concrete variables in or from standardized situations." *DOT*, Appendix 3, *available at* http://www.occupationalinfo.org/appendxc_1.html#III (last visited October 9, 2007).

The VE stated that a person limited to "simple, routine tasks" could perform the specified jobs. Tr. 280. This testimony is based upon the VE's expertise and supports acceptable deviation from the *DOT*. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Weiser-Gonzalez furthermore does not establish that "simple routine tasks" are inconsistent with level two reasoning. The ALJ's reliance upon the VE and, subsequently, the *DOT* is sustained.

### c. Hypothetical Questions to the VE

Weiser-Gonzalez finally submits that the ALJ relied upon an inappropriate hypothetical question to the VE. Pl. Opening Br. 15-16.

The ALJ is not required to include unsupported limitations in his hypothetical questions to a VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). For the reasons established above, Weiser-Gonzalez fails to show substantive error in the RFC assessment. The ALJ appropriately relied upon this RFC and the VE's testimony in his step five finding. *Id*.

In summary, Weiser-Gonzalez fails to show error in the ALJ's reliance upon the VE's testimony at step five in the sequential proceedings.

### VII. Additional Evidence Submitted to the Appeals Council

Wiser-Gonzalez contends that the Appeals Council failed to properly evaluate medical evidence submitted after the ALJ issued his decision, citing the standard for an ALJ's rejection of medical evidence. Pl. Opening Br. 18 citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

This submission misapplies the relevant legal standard. In reviewing evidence submitted to the Appeals Council, this court must consider whether such evidence would "provide a basis for changing the hearing decision." *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). If the new evidence provides no such basis, the Appeals Council is not obligated to review the ALJ's decision. *Id.* Weiser-Gonzalez points to no authority suggesting the Appeals Council must explain its reasoning under the same standard as the ALJ.

The Appeals Council received a questionnaire completed by treating physician Dr. Hanst on October 9, 2006. Tr. 251-53. In response to a question asking whether Weiser-Gonzalez could perform light or sedentary work on a sustained basis, Dr. Hanst marked "no." Tr. 251-252. Dr. Hanst wrote that "patient has chronic daily headaches that are severe enough that she states she is unable to perform any type of work." Tr. 253. Dr. Hanst also stated that Weiser-Gonzalez recently developed worsening dypsnea and "appears to have coronary artery disease." Tr. 253.

The record contains clinical notes produced by Dr. Hanst between August 14, 2003 and June 16, 2004. Tr. 163, 165, 165-68, 170-71. These notes show that Weiser-Gonzalez reported dizziness to Dr. Hanst between January and June 2004. Tr. 163-68. During this period Dr. Hanst assessed lumbar strain and neck pain. *Id.* He also assessed dizziness and numbness with unclear etiology in January 2004. Tr. 168. In April 2004 Dr. Hanst noted, "vertigo- likely due to 8th cranial nerve dysfunction," but in June 2004 again found "vertigo-unclear etiology" and tinnitus. Tr. 163, 165. The record does not support Dr. Hanst's work limitations due to "chronic daily headaches." Tr. 253.

Because Dr. Hanst's October 2006 questionnaire establishes no properly supported

13 - OPINION AND ORDER

limitations and does not contradict the supported medical record, the Appeals Council appropriately found that the evidence did not undermine the ALJ's decision. *Ramirez*, 8 F.3d at 1452. Weiser-Gonzalez's submission that the Appeals Council erroneously failed to review the ALJ's decision fails.

## **CONCLUSION**

The Commissioner's decision that Weiser-Gonzalez did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this _____10th_____ day of October, 2007.

                                                      /s/ Garr M. King  
                                                      Garr M. King  
                                                      United States District Judge